Dear Mr. Larpenteur:
You have requested an opinion of this office regarding whether the Town of Addis ("Town") may contribute public funds to a not-for profit organization that operates the local baseball teams and the summer baseball teams for kids 18 and under in the Town.
According to your request, the Town does not have an official recreation department but includes $5,000 in its annual budget for recreation expenses for residents of the Town. You state that years ago, the Town owned and maintained a ballpark that was used by children in Addis. However, over the years, the Parish of West Baton Rouge took over the ballpark. Local baseball teams and the summer baseball teams for kids 18 and under in the Town (as well as kids from other towns in the parish) are now organized, promoted and run by a not-for profit organization. The Town has received a request for funding from the organization and would like to contribute some of the funds already budgeted for recreational purposes but questions whether the contribution is permissible since the sports organization benefits children from other towns and unincorporated areas of West Baton Rouge Parish.
The Town is authorized to enter into a cooperative endeavor agreement with a private entity for a public purpose by La.Const. art. VII, Sec. 14(C), which provides:
 For a public purpose, the state and its political subdivisions or political corporation may engage in cooperative endeavors with *Page 2 
each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Whenever a public entity enters into a cooperative endeavor agreement, it has an obligation to ensure that the agreement complies with the terms of La.Const. art. VII, Sec. 14(A), which prohibits public funds or property being gratuitously alienated.Board of Directors of the Industrial Development Board of the Cityof Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11, 20 (the "Cabela's" case). In order to ensure that the agreement does not violate La.Const. art. VII, Sec. 14(A), our office has consistently opined that a public entity spending the funds must have the legal authority to so do and must be able to show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
Municipalities are authorized to, and commonly do, allocate funds to be spent to provide recreational facilities for their residents. La.R.S. 33:4551, et seq. Although this is often done by creating a recreation district, doing so is not required. Because the Town of Addis has the authority to use public funds to provide recreation facilities for its residents, it is our opinion that the first prong of the Cabela's test mentioned above is satisfied. The determination of whether the donation is gratuitous or whether the Town will receive a benefit at least equivalent to the funds it plans to transfer to the non-profit organization to run a sports league is a factual determination that our office cannot make. However, it is our opinion that if the Town is able to effectively demonstrate that it has a reasonable expectation of receiving a benefit at least equivalent to the amount expended or transferred, the proposed cooperative endeavor agreement would be acceptable. Further, in our opinion, it is not a problem that children from other towns and unincorporated areas of West Baton Rouge Parish also play on the baseball teams but we note that the Town of Addis should limit its contribution to whatever amount it determines will benefit the players from the Town.
Accordingly, it is the opinion of this office that the Town of Addis may enter into a cooperative endeavor agreement with a non-profit organization to provide recreational opportunities to the children of the Town instead of the Town providing those services directly, as long as the Town is able to demonstrate that it will receive a benefit at least equal to the amount of funds expended. *Page 3 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
 Yours very truly,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By:__________________________ Lindsey K. Hunter Assistant Attorney General
 JDC/LKH/chb